IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SUAD MUHELJIC AND RIAD MUHELJIC, ) ) Plaintiffs, ) ) V. ) ) BANK OF AMERICA, N.A., ) ) Defendant. ) | Case No. 2:14-cv-00051 Judge Sharp |

INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted**.

1. **Jurisdiction:**

There is a dispute as to the jurisdiction of this Court in this case. This matter was originally filed by Plaintiffs in the Chancery Court for White County, Tennessee on April 22, 2014. On May 27, 2014, Defendant filed a Notice of Removal to this Court, claiming this court has jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs timely filed their Motion to Remand to State Court, which is pending.

2. **Plaintiffs' theory of the case:**

Plaintiffs filed their Complaint in the Chancery Court for White County, Tennessee alleging breach of contract, violation of the Tennessee Consumer Protection Act, unconscionability, promissory estoppel, negligent misrepresentation, and equitable estoppel. Defendant committed acts and omissions while servicing Plaintiffs' mortgage loan and ultimately selling Plaintiffs' home at foreclosure. Defendant participates in the Home Affordable Modification Program (herein after "HAMP"), administered by home mortgage

servicers in conjunction with the federal government. In 2012, Plaintiffs fell behind in their mortgage payments and requested that Defendant modify their mortgage loan. Plaintiffs corresponded with Defendant's representatives and provided documentation. While their application for modification was still pending, Plaintiffs received notices of substitute trustee's sale. Plaintiffs were assured by Defendant's representative that the foreclosure sale was cancelled. When Plaintiffs consulted with a bankruptcy attorney, they learned the foreclosure sale had not been cancelled as they were promised. At that time, they had not received a decision on their request for modification.

Plaintiffs request equitable relief in the form of rescission of the foreclosure sale and reinstatement of their mortgage.

3. **Defendant's theory of the case:**

Bank of America asserts that all of Plaintiffs' claim fail as a matter of law. On June 23, 2014, BANA filed a motion to dismiss Plaintiffs' Complaint for failure to state a claim. [Doc 6]. BANA's motion is currently pending before the Court.

Plaintiffs are not third-party beneficiaries under the National Mortgage Settlement or HAMP and accordingly, the breach of contract claim fails as a matter of law. Similarly, good faith and fair dealing is not a stand-alone claim under Tennessee law and must fail. Plaintiffs' claims under the Tennessee Consumer Protection Act also fail because disputes arising over repossession of the collateral securing a loan are not trade and commerce and do not fall under the purview of the TCPA. Plaintiffs' claim for unconscionability fails because the Plaintiffs were in default and Bank of America was entitled to foreclose based on the loan agreement. Plaintiffs' promissory estoppel claim should be dismissed because an express contract governs the relationship between the parties and a claim for promissory estoppel cannot stand in the face of

an express contract. Finally, Plaintiffs' claims for negligent misrepresentation and equitable estoppel should be dismissed because both claims require misrepresentation of a past or present material fact, not a future intention.

4. **Identification of the issues:**

   A. Plaintiffs' identification of the issues:

      I. Whether Defendant breached the implied covenant of good faith and fair dealing?

      II. Whether the foreclosure should be rescinded under the theory of promissory estoppel?

      III. Whether the foreclosure should be rescinded under the theory of negligent misrepresentation?

      IV. Whether the foreclosure should be rescinded under the theory of equitable estoppel?

      V. What relief are Plaintiffs entitled to?

   B. Defendant's identification of the issues:

   None of the material issues in this lawsuit have been resolved by agreement of the parties. Therefore, the issues of liability and damages are unresolved. BANA asserts that Plaintiffs have failed to state a claim upon which relief can be granted. BANA's motion to dismiss is currently pending before the Court.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

   The Parties do not anticipate at this time any counter-claims, cross-claims, third-party claims, joinder of other parties or claims, class action certification, or the need for resolution of any issues arising under the above-cited rules.

6. **Witnesses:**

Plaintiffs currently intend to call as witnesses themselves and an employee of the office of former bankruptcy attorney Arnold Lefkovitz. In addition, Defendant identifies a corporate representative of Bank of America as a witness.

7. **Initial Disclosures and Staging of Discovery:**

The Parties will make initial disclosures on or before August 18, 2014. All discovery shall be completed by both Parties no later than May 1, 2015. Prior to the filing of any discovery-related motion, the Parties will schedule and conduct a telephone conference with the Magistrate Judge. The Counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

8. **Dispositive motions:**

The Parties shall file any and all dispositive motions with the Court no later than August 3, 2015. Responses to such motions shall be filed no later than September 2, 2015. The Parties shall have the opportunity to file a reply to any response no later than September 16, 2015. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to twenty-five pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

9. **Other deadlines**:

June 1, 2015 is the final deadline for all motions to amend, or to add parties.

10. **Subsequent case management conferences:**

11. **Alternate dispute resolution:**

The Parties have discussed possible settlement without success. It is unknown at this time whether there is any prospect of settlement. Consequently, it is unknown if there is any need for a settlement conference or a need for utilization of alternate dispute resolution techniques.

12. **Consent to trial before the Magistrate Judge:**

The Parties do not consent to trial before the Magistrate Judge.

13. **Target trial date**:

The Parties estimate that two days will be necessary for trial. The non-jury trial is set for December 8, 2015, at 9:00 a.m. with the final pretrial set for November 2, 2015, at 2:30 p.m. Both set in Cookeville, Tennessee.

It is so **ORDERED:**

_____
KEVIN H. SHARP
United States District Judge


APPROVED FOR ENTRY:

/s/ Marla K. Williams
Marla K. Williams, Esq., BPR No. 014167
Legal Aid Society of Middle TN &
the Cumberlands
9 S. Jefferson Ave., Ste. 102
Cookeville, TN 38501
Phone: (931) 528-7436
Fax: (931) 528-9350
Email: mwilliams@las.org

Claire Bishop Abely, BPR No. 031516
Legal Aid Society of Middle TN &
the Cumberlands
300 Deaderick Street

Nashville, TN  37201
Telephone:  (615) 244-6610
Facsimile:  (615) 244-6186
Email:  cabely@las.org


/s/Jessica Jernigan-Johnson
Jessica Jernigan-Johnson, Esq., BPR No. 32192
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN 37203-0025
Telephone:  (615) 252-2390
Facsimile:   (615) 252-6390
Email:  jjernigan-johnson@babc.com


Certificate of Service

I hereby certify that a true and correct copy of the foregoing Initial Case Management

Order has been served via the Court's electronic filing system upon attorney for Defendant:

Harold Frederick Humbracht, Jr. , Esq., BPR No. 002993
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN 37203-0025
Telephone:  (615) 244-2582
Facsimile:  (615) 252-6380
Email:  rhumbracht@babc.com

on this the 24th day of July, 2014.

/s/ Marla K. Williams